Good morning, your honors. My name is Karen Bucher. I represent Mr. Evans. I'm with the Court's Commission Office to reserve five minutes for rebuttal. Where is your client right now? He's incarcerated at Taft. How long has he been in there? He served almost half his sentence. He was sentenced to 78 months. And he's served just about half. Is he 75 years old? How old is he? He's in his early 70s. Go ahead. Well, this case also involves a good-faith instruction in a Taft case. And I assume that the ask for bail pending appeal was denied? I did. It was denied, your honor. Mr. Evans' defense was that he had this good-faith belief that the business trusts were legitimate, therefore no Taft's laws were being violated. And Powell says the test of whether the defendant has good-faith belief does not focus on the knowledge of the reasonable person, but it focuses on the knowledge of the defendant. And here, the jury was instructed it could reject his good-faith belief if the jury found his good-faith belief unreasonable. Yeah, well, that language is pretty much disproved in the Powell case, which was decided after Cheek years ago. Yes, the instruction in this case mirrors the instruction from the Powell case. Yeah, and that's pretty much your basic argument. Yes, it is, your honor. I looked at the submission of jury instructions. The government offered this instruction based on Debit and Blackmar. Your side argued against it, but you didn't cite Powell. Is there any reason you didn't cite Powell? If you're dealing with language that's right on point? On appeal, I did, your honor. What? I was in trial counsel. I didn't see any Powell's discussion in the transcript. I can't recall that, your honor, because I was not trial counsel, but on appeal. I know, but I mean at the trial. People just had this instruction floating around that had been disproved by Powell, and nobody referred to Powell. Your honor, I can't recall exactly what defense counsel's argument was, whether or not I decided to Powell at this moment. Doesn't Powell flow logically from Cheek? Yes, it does. I mean, if you argue Cheek, I mean, Cheek talks about the subjective view of the defendant, and the Powell instruction had to do with an objective, reasonable standard, which was rejected. So it probably would have been better to cite Powell because it's more directly on point below, but it does flow directly from Cheek to the extent Cheek is clear. Yeah. Well, look, the government says, sure, Powell says this language is funny, but all the other instructions took care of the problems. What's your response to that? I disagree with that because the other instructions say that the plea was honestly held. And still, when you look at the words honestly held, the jury still has to evaluate whether or not Mr. Evans was subjectively honestly held that plea. The instruction does not clarify that the juror can't evaluate the honestly held plea in a reasonable manner. It still implies that you can look at that belief in a reasonable manner. Where the jury can look at that, well, that doesn't sound reasonable to me. But what they have to do, they have to look at it, well, did Mr. Evans really have that belief? And that's where I think the distinction is. Yeah, I'm jumping to the sentencing. The district court increased Mr. Evans' sentence for two levels for abuse of a position of trust. And we are arguing that he erred in that because in order to have a – the trust must be established from the perspective of the victim. And here the victim was the IRS, the federal government. And in order for it to apply, Mr. Evans would have had to have a trust relationship vis-a-vis the federal government, which he clearly did not. And there are a lot of issues in this case. I was wondering if I could address any issues that are on the Court's mind. I don't know if this is appropriate at this time, but if the Court allows me to view the braiding material, I would like to have an opportunity for supplemental briefing. That's a request to view some sealed braiding material on the T. I'll reserve the rest of time for rebuttal. Thank you. Members of the Court, good morning. I'm John Hinton from the Tax Division, Justice Department for the United States. May it please the Court, I think that we ought to be talking about the good faith instruction. I'd like to begin by reading the pertinent passage from the Court's instructions as delivered below. First, I'm going to invert what was read. The offending language, the language from Powell that allegedly is the basis for reversal here. If a person acts without reasonable grounds for the belief that his or her conduct is lawful, it is for the jury to decide whether that person has acted in good faith in order to comply with the law of whether that person has willfully committed the crimes alleged in the indictment. That instruction was reversed in Powell because it didn't – there was no explanation about the nature of good faith or the impermissibility of a jury substituting its judgment as to objective reasonableness for the defendants. But the instruction itself is consistent with language from Cheek. I'll get to that in a minute. Just before that language, the Court instructed the jury as follows. While the term good faith has no precise definition, it means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations. A person who acts on a belief or an opinion honestly held is not punishable under the statutes alleged in the indictment because that honest belief turns out to be incorrect or wrong. The law subjects to punishment only those people who conspire to defraud the government by deceitful or dishonest means, willfully attempt to evade income taxes, or willfully aid in the preparation of false income tax returns. We submit, Your Honor, that that language distinguishes this case from Powell. It is regrettable that the tax division which prosecuted this case used the Devlin and Blackmar instruction. In answer to your earlier questions of Ms. Eichorn, I believe that the tax division has standard good faith instructions in its criminal tax manual. I can't cite them off the top of my head because I didn't look at them. They do not include this kind of language. That's correct. That's my best recollection now. Then how is it that you're prosecuting cases using this language after the Ninth Circuit has said it's defective? A bad choice on a bad day. It was. I mean, I read the submission of the instructions has that Devlin and Blackmar instruction. Nobody talks about Powell, and away we go. And so then here we are. That's right. Here we are. This isn't the only case in which that has been done. I had another case a few years ago where the same language gets in there. I mean, I run as fast as I could in the Ninth Circuit especially from language that we have said isn't good. And you haven't said it's harmless error either. You haven't argued that. That's a pretty high standard anyway with jury instructions. But so it rises or falls based on whether the rest of the language took care of the problem. That's correct. That's correct. And you rely on precisely which language to have taken care of the honest belief? It is the paragraph that precedes the Powell language. It begins with the line, while the term good faith has no precise definition. Our reading of Powell is the reversal. First of all, the Court acknowledged that it's appropriate for jurors to consider the objective reasonableness. Sure. That's really kind of a distinction that maybe lawyers understand. But I'd hate to try to explain that to a jury. Your Honor, you just did a beautiful job of it by saying that sounds like the typical, that's the kind of so objectively unreasonable statement that it's just a BS disagreement. Right. It's a good jury argument. But it's not a good jury instruction. Well, what we have, Powell fell because there was no direction to the jury about the requirement that it credit, that it acquit if it believes the defendant had an honest, sincere belief, or that it acquit, moreover, if it had any reasonable doubt about the matter. Both of those possibilities are covered in these instructions. Powell says the device here is that it doesn't make clear that the defendant must demonstrate only that a subjective good faith belief is held, and not that the belief must also be reasonable. This is muddy language. It is. And it tends to take away what everything else says. It's not the defendant's burden to prove anything. Right, exactly. For starters. Second, we read that as the Powell instructions fail because they allow for the possibility of the evil that she addressed. Well, and as Chief Justice Roberts and as Justice Alito and as now Justice Sotomayor told us in their confirmation hearings, precedent is more powerful than any religious treaty or tract ever written. And so here we have a case that says this language is misleading. It does. I mean. By itself, it's misleading. In isolation, it's misleading. Even if you add the layer of the honest, since you immediately followed that up with the reasonable, it still seems like it has to be honest and reasonable. Well, first, the jury. The word sincere isn't in there. The word subjective isn't in there. The word honest is in there. No, honest. But honest can be, can be, have an additional requirement of being objectively reasonable. Honest. I disagree respectfully, Your Honor. If it's honestly held, and that's what. So is the honest supposed to be a substitute for the earnest in Cheek? I think that I prefer to just stick with honest as honest. And the jury in this case was told if the defendant at issue honestly believed that his or her actions were in compliance with the law, even though that might be a mistaken belief, you have to acquit. You have to acquit even if you have reasonable doubts about whether they had an honest belief or not. There are echoes of this in the defense, the instruction regarding the defense version of the case. It's loaded with good faith language. You cannot convict Mr. Evans if you find, his position is that these trusts were bona fide trusts used for ordinary commercial purposes. If you believe that, you can't convict him. Because as a general matter, there's nothing illegal about using trusts or declaring bankruptcy or any other commercial activity that's engaged in innocently. We feel. Haven't we also found that evil intent or malice also plays no role? Because that's in that honest sentence, too. In the instructions as given? Yeah, well, the term good faith has no precise definition. It means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations. Yes. We see nothing objectionable about that. It's all of those things, or any of those things. The specific thing is if he acts without reasonable grounds. I'm sorry, Your Honor. I missed the first part of your statement. The specific thing that deals with this is if a person acts without reasonable grounds for belief. Then it's a jury question whether he honestly held the belief. It is for the jury to decide whether that person has acted in good faith. You know, the funny thing is that the bad instruction, the bad language is in the O'Malley-Grenig, which I guess is the successor to Debit and Blackmar. And unfortunately, one of our judges is the judicial advisor to that. Well, we're the tax division. We're supposed to exercise stewardship over the prosecutions. Well, maybe we should straighten this out, what do you think, with an opinion. And exterminate this language. That might harm your case, but I think this needs to be done. I don't think it does harm our case, Your Honor. I feel strongly that the instructions taken in their entirety cure the Powell problem. There is nothing improper about a jury considering the objective reasonableness. And you'll note that even the Powell language leaves the issue still for the jury. In other words, a finding of objective reasonableness does not trigger a finding of willfulness. The jurors were instructed in the next paragraph, in determining whether or not the government has proven that a defendant conspired to defraud the government by deceitful or dishonest means, willfully attempted to evade income taxes, or willfully aided in the preparation of a false income tax return, or acted in good faith, the jury must consider all of the evidence received in the case, bearing on the defendant's state of mind. So they're not allowed to check the willfulness block upon a finding that they're finding that the ---- You don't disagree that this language is disapproved by Powell. You only say that there's other language you added elsewhere. I do disagree. My reading of Powell, Your Honor, is that the instructions were fatally deficient because they provided no guidance on the critical matter of subject of good faith. Who wrote Powell? I don't remember, Your Honor. I have the opinion. Who wrote it? Did you write it? Stand by, please. Yeah, you can get it. Because we'll consult the author and ask what the author meant. Who wrote it? May I inform the Court with a letter after the ---- No, that's okay. Otherwise I'm just going to be fumbling around. Unless Ms. Booker has the answer to her. Tang wrote it. It was Tom Tang. Eddie Fletcher and Judge Reinhardt are on the panel. Judge Reinhardt on the panel. What a shock. That's what I was getting at eventually. Once again, I do disagree with the notion that Powell disapproved this language. Powell approved the notion of a jury testing the objective reasonableness of a belief. The problem, as Powell put it, is there's nothing else there. It does too little. Yeah, the problem I have with the rest of the language is I don't find anywhere where it really treats the tricky issue of how a jury should handle unreasonable beliefs. That's the problem with this language. It muddies it all up. Let's see. You know, I really liked the Cheek instruction itself. Yes, it's a fine one. And it's unfortunate that that isn't the one that was used. Our model instructions aren't very helpful either. Our reading of the instructions is that if the jury were to find that the asserted belief is objectively unreasonable, they have to continue their inquiry. Right. And they have to decide whether, nevertheless, it was honestly held. Yeah. The honest language comes first in the jury instructions, and then the reasonableness language comes. Well, that wouldn't matter. What you said makes it. Well, I think if they were to find an honest belief, then that's the end. Don't convict. That's the clear language of the instruction. That's the first one. Then you go on to the reasonable grounds. Yes. I don't think that the order makes a terribly big amount of difference. Well, if you're listening to instructions, have you ever been a juror? Yes. When you're listening to the instructions, you're trying to understand any fault. I mean, assume they're being given to you in a logical order. Your Honor, what took place in the deliberation room was horrifying to me. It had very little to do with the instructions, despite my best efforts. Well, in the Powell instruction also says what you were relying on, that if you find that he acts without reasonable grounds, then it's a jury question. That's a correct statement. Yes. But that's the instruction disapproved in Powell. It was disapproved only because there was no guidance on what next. If it's objectively unreasonable, what next? Then the jury decides. That's what you just said when I asked about your instruction. You said, well, then the jury decides. But that was true in Powell also. No. In Powell, there was no definition, for example, of good faith. There was simply the use of the term. And there was no admonition to the jury that if you find good faith or if you have a reasonable doubt about good faith, you must acquit. We have that here. Your argument is the rotten apple doesn't spoil the barrel. Well, there was no barrel and no sweet apples around the rotten one in Powell. Here, there's we're confident that if you review these taken as a whole, especially as they relate to the defense theory of the case, it's clear that the jury has to consider subject of good faith and may not, may not convict unless the government has disproven it beyond a reasonable doubt. If you, may I turn to a different issue? Your Honor, do you have additional questions on good faith? Well, I still have trouble with your argument because Powell also says if he has a good, subjective good faith belief, no matter how unreasonable, the government cannot establish that he acted willfully. There's no definition of it. Well, that's a different argument. Then it seemed to me what you were saying when I asked you about your instruction, you said, well, then the jury gets to decide, which is also true here. I might have been just a touch unclear. Yeah. The answer should be if you have a subjective good faith, that's the end of it. We agree 100%. But that's really not what your instruction says. It does say that in the language before the italicized portion on page 37 of our brief. So you're saying the language before contradicts the subsequent language. No, sir. Not at all. Classifies.  It must be read in conjunction with it. Modifies.  Controls it. Well, nice drawing. Thanks, Your Honor. It would be helpful to have something, because I think this is not an isolated case. I don't think this judge had a bad morning and said, you know, let's go back to some bad instruction. I think it's worth being done. When I get home tomorrow, I'm going to be meeting with the chief of the appellate section and the chief of the southern criminal enforcement section where I now work, and this will be order of business one, you may rest assured. Because these cases come up all the time. I mean, there's 1,000 people out there claiming good faith. You know that. You don't have to hear us say it. Yes. They're out there, all of them. I've tried them and handled them unappealed. Yeah. I'd like to address the... You're not going to lose a lot with this guy. He's close to 75. You've had him serve half your sentence already. It won't be a national tragedy. This case is... We may even give you some ammunition to convince your supervisors. I'll tell you what. Members of the Court, it sounds like I could save us all a lot of time by simply repairing the counsel's table unless you have other questions. And I can save us a lot of time, two minutes and 50 seconds. Tempest-Fugate, Your Honor. But still, we appreciate the gesture very much. Yes, we do. Thank you very much. All right. If I have nothing further, unless there are questions? No. I can see why don't repair the counsel's table, too. Okay. The next case for argument is the United States v. Sloan. Cass is here. Thank you.
judges: Reinhardt, Trott, Wardlaw